**Yan Qiu ZOU, Petitioner,**

*v.*

**BOARD OF IMMIGRATION REVIEWS,[1] Respondent.**

**No. 05–0051–AG.**

United States Court of Appeals, Second Circuit.

May 22, 2006.

---

1. Because neither party has objected to the designation of the respondent in this petition for review, the caption reflects the designation as it was filed. However, we assume that petitioner meant to designate the "Board of Immigration Appeals." Further, we note that the Attorney General, not the "Board of Immigration Appeals" (or "Reviews") is the proper respondent. See 8 U.S.C. § 1252(b)(3).

Gary J. Yerman, New York, New York, for Petitioner.

Dunn Lampton, United States Attorney for the Southern District of Mississippi, Linda R. Anderson, Assistant United States Attorney, Jackson, Mississippi, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JOSEPH M. MCLAUGHLIN, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Yan Qiu Zou petitions for review of the December 2004 decision of the BIA affirming an Immigration Judge's ("IJ's") denial of his motion to reopen deportation proceedings. We assume the parties' familiarity with the facts and procedural history of this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005). An abuse of discretion may be found where the agency's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the agency has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

A party may only file one motion to reopen and that motion must be filed within 90 days of the final order of deportation. *See* 8 C.F.R. §§ 1003.2(c)(1), 1003.2(b)(1). However, the agency has limited authority to reopen, *sua sponte,* any case in which it has rendered a decision. *See* 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1); *see also In re J–J–,* 21 I. & N. Dec. 976, 984 (BIA 1997). Assuming, hypothetically, that this Court has jurisdiction to review the agency's refusal to exercise its *sua sponte* authority pursuant to 8 C.F.R. §§ 1003.2(a) and 1003.23(b)(1), neither the IJ nor the BIA abused its discretion in refusing to reopen the order.

Zou's motion to reopen for new evidence was subject to the regulatory requirements set forth at 8 C.F.R. § 1003.23(b). Since 8 C.F.R. § 1003.23(b)(4) does not contain any exceptions to the time and numerical limitations applicable to Zou's motion to reopen based upon his *prima facie* eligibility to adjust status, that motion was properly denied as time and numerically barred. The IJ's refusal to waive time and numerical limitations was not a denial of due process. The IJ properly followed the case law, statutes, and regulations, and its decision was neither arbitrary, capricious, nor manifestly contrary to the law.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).